**GOLDSTEIN et al., Appellants,**

v.

**MOISSE et al., Appellees.**

[Cite as *Goldstein v. Moisse* (1989), 61 Ohio App.3d 122.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 55054.

Decided March 13, 1989.

*Joseph W. Diemert, Jr. & Assoc. Co., L.P.A.,* and *Sara J. Fagnilli,* for appellants.

*R. Emmett Moran,* for appellees.

---

JOHN F. CORRIGAN, Judge.

The plaintiffs, mother and daughter, appeal from a summary judgment for the defendant school district on their negligence claim for injuries the daughter sustained when she put her hand through a plate glass door window while attending high school. In their single assignment of error the plaintiffs contend that a genuine issue of material fact exists as to whether the school district negligently installed plate glass in the door. Their argument lacks merit so we affirm the trial court's judgment.

I

The plaintiff daughter became involved in a fight with another female pupil in the parking lot of the high school which they both attended. The daughter then fled from the fight and ran into the school building, apparently intending to report the fracas to the high school principal. In her haste, she put her right hand through a plate glass door window and suffered severe lacerations.

The mother and daughter thereafter filed this negligence action against the other girl and her parents, the door manufacturer, and the school district. In their claim against the school district they alleged that the school district "negligently permitted the installation of said door, and knew or should have known of the inherent defects in design and construction." The school district, in its answer, denied these allegations.

The plaintiffs subsequently voluntarily dismissed the door manufacturer. The school district moved for summary judgment and the trial court granted that motion. The trial court later granted the plaintiffs' motion for a default judgment against the remaining defendants and awarded them $50,000 in compensatory damages and $50,000 in punitive damages.

In support of its motion for summary judgment the school district attached a copy of its answers to the plaintiffs' interrogatories. The school district's business manager answered those interrogatories. That portion of the interrogatories relevant to our inquiry states as follows:

"(10) INTERROGATORY. State the type of glass which was installed in the door alleged in the Complaint to have caused the injury to plaintiff on September 19, 1985.

"ANSWER: Plate glass ¼".

"(11) INTERROGATORY. State the type of glass originally installed in the aforementioned door.

"ANSWER: ¼" polished plate in 1968 per a–6 of Drawings Dalton, Dalton & Associates.

"(12) INTERROGATORY. State the type of glass now installed in the aforementioned door.

"ANSWER: Safety plate (¼")—either tempered or laminated.

"(13) INTERROGATORY. If there is a difference, state whether the glass now installed in the aforementioned door was available for use as of September 19, 1985, and whether the type of glass now installed in the aforementioned was installed in any similar doors as of September 19, 1985.

"(A) Please state where in the school other similar doors are located.

"ANSWER: Do not know.

"* * *

"(14) INTERROGATORY. State the type of glass originally installed in all similar doors on the premises of Mayfield High School.

"ANSWER: Plate glass ¼".

"(15) INTERROGATORY. State the type of glass now installed in all similar doors on the premises of Mayfield High School or the types of glass which have been used to replace the original glass, if there is a difference.

"ANSWER: Plate glass ¼". Safety Plate (¼") either tempered or laminated.

"(16) INTERROGATORY. If the glass being used to replace the originally installed glass is not of the same type, please state in detail the reason why the same glass type is not being used.

"ANSWER: Because the glass needed to be replaced, we called a glass company to make the repair. When he came to measure the glass, he recommended that safety glass be installed. He stated that this is now a code and is considered to be much safer.

"(17) INTERROGATORY. State if any similar types of injuries (i.e. from broken glass) have ever occurred.

"ANSWER: I am not aware of any.

"(18) INTERROGATORY. State how many windows in similar doors have been broken over the last ten (10) years.

"ANSWER: None to my knowledge."

The plaintiffs attached the affidavit of an architect to their brief in opposition to the school district's motion. He averred that current state and federal codes require the use of safety glazing in glass doorways. He further stated that the need for safety glazing was more critical in school buildings because of a greater risk of harm to students.

## II

The plaintiffs, in their sole assignment of error, claim that a genuine issue of material fact exists as to whether the school district negligently installed plate glass in the door. They assert that the trial court accordingly erred in granting the school district's motion for summary judgment.

A motion for summary judgment may only be granted where there exists no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C). A trial court must refrain from granting a summary judgment unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the

nonmoving party. *Id.* In reviewing a grant of summary judgment, this court must construe the evidence most strongly in favor of the party opposing the motion. *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 47, 517 N.E.2d 904, 906–907; cf. Civ.R. 56(C).

In this case, the uncontroverted evidence shows that the plate glass had been installed in 1968, prior to the enactment (beginning in 1977) of state and federal codes requiring safety glazing for glass used in school doors. See Ohio Basic Building Code 1301.5.6, 1301.5.6.1(1); Section 1201.1(a)–(b), Title 16, C.F.R. Those codes apply only to replacement glass and new glass installation, so that the school district's maintenance of the originally installed plate glass cannot constitute negligence per se. Cf. *Talcott v. Sheffield–Sheffield Lake Bd. of Edn.* (Nov. 20, 1986), Cuyahoga App. No. 51372, unreported, 1986 WL 13349 (jury instruction correct which charges that installation of nonconforming glass, after effective date of state and federal codes, constitutes negligence).

We recognize that the school district's mere compliance with the building codes does not preclude a finding of negligence. A party which complies with a statute or regulation may still be found negligent where a reasonable person would take additional precautions. *Mitchell v. Hotel Berry Co.* (1929), 34 Ohio App. 259, 266, 171 N.E. 39, 41–42; 2 Restatement of the Law 2d, Torts (1965) 39, Section 288C. In this case, the school district had a common-law duty to its students to maintain school premises in a reasonably safe condition. See *Curtis v. Ohio State Univ.* (1986), 29 Ohio App.3d 297, 299, 29 OBR 363, 364, 504 N.E.2d 1222, 1224. Further, the school district had an affirmative duty to inspect for dangerous conditions and take precautions for known or reasonably foreseeable dangers associated with the use of school property. *Id.; Shetina v. Ohio Univ.* (1983), 9 Ohio App.3d 240, 242, 9 OBR 414, 415–416, 459 N.E.2d 587, 590.

The school district's interrogatories disclose that there were seventy to one hundred eight of these glass door windows in the district's buildings. There was no history of these windows breaking or causing any injuries. From this evidence reasonable minds could only conclude that the school district exercised ordinary care in maintaining and inspecting school premises. See Civ.R. 56(C). The plaintiffs failed to controvert the school district's evidence by affidavit or as otherwise provided in Civ.R. 56(C) and (E). Thus, the trial court appropriately granted the school district's motion. Civ.R. 56(E).

Accordingly, we overrule the plaintiffs' single assignment of error and affirm the trial court's judgment.

*Judgment affirmed.*

PATTON, P.J., and FRANCIS E. SWEENEY, J., concur.