This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Annette Fargo and Stephanie Police, appeal the decision of the Summit County Court of Common Pleas, granting summary judgment in favor of appellee, the Twinsburg City Schools Board of Education (the "Board"). We affirm.
On January 18, 2001, Annette Fargo, individually and on behalf of her minor child Stephanie Police, filed a complaint in the Summit County Court of Common Pleas against the Board. The plaintiffs alleged that, on May 26, 2000, while attempting to exit the building for recess, Stephanie, a sixth grade student at Dodge Middle School, was injured when her hand and arm broke through the plate glass portion of a door. Dodge Middle School was operated and managed by the Board. In the complaint, the plaintiffs alleged that the Board was negligent in: 1) installing the door with regular plate glass instead of safety glazed glass, 2) permitting the original plate glass to remain in the door when the Board had undertaken a major renovation of the middle school in 1997, and 3) failing to replace the regular plate glass with safety glazed glass given its knowledge that the presence of regular plate glass rendered the premises unreasonably unsafe for minor children. In addition to the negligence claim, Ms. Fargo filed a claim for loss of filial consortium. On June 22, 2001, the Board moved for summary judgment. The plaintiffs responded in opposition. In a judgment journalized on September 21, 2001, the trial court entered summary judgment in favor of the Board. This appeal followed.
Appellants assert a single assignment of error for review:
 "The Trial Court erred in granting summary judgment to Defendant/Appellee."
Appellants aver that the trial court erred in entering summary judgment in favor of the Board because, inter alia, there was a genuine issue of material fact as to each element of their negligence claim. We disagree.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 "(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327.
Appellate review of a lower court's entry of summary judgment is de novo, applying the same standard used by the trial court. McKay v.Cutlip (1992), 80 Ohio App.3d 487, 491. The party seeking summary judgment initially bears the burden of informing the trial court of the basis for the motion and identifying portions of the record demonstrating an absence of genuine issues of material fact as to the essential elements of the nonmoving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
In entering summary judgment in favor of the Board, the trial court relied upon the Eighth District Court of Appeals' decision in Goldsteinv. Moisse (1989), 61 Ohio App.3d 122. In Goldstein, a student put her hand through a plate glass door, suffering severe lacerations. Id. at 123. As a result, the student and her mother filed a negligence action against the school district, which, in turn, moved for and was granted summary judgment by the trial court. Id.
On appeal, the Eighth District held that state and federal codes, which began in 1977 and required safety glazing for glass used in school doors, applied only "to replacement glass and new glass installation, so that the school district's maintenance of the originally installed plate glass cannot constitute negligence per se." Id. at 126. The court, however, recognized that a "school district's mere compliance with the building codes does not preclude a finding of negligence" and held that a school district has "a common-law duty to its students to maintain school premises in a reasonably safe condition." Id. Further, according to theGoldstein court, a school district must "inspect for dangerous conditions and take precautions for known or reasonably foreseeable dangers associated with the use of school property." Id. Applying the foregoing standards, the court held that, as there was no history of the seventy to one hundred eight windows in the district's buildings breaking or causing injury, "reasonable minds could only conclude that the school district exercised ordinary care in maintaining and inspecting school premises." Id. The court, therefore, upheld the trial court's decision granting summary judgment in favor of the school district. Id.
We agree with the rationale of Goldstein with one caveat. Subsequent to the Goldstein decision, the Ohio Supreme Court held that a violation of the Ohio Basic Building Code ("OBBC"), an administrative rule, does not constitute negligence per se; rather, a violation of the OBBC may be admissible as evidence of negligence. Chambers v. St. Mary's School
(1998), 82 Ohio St.3d 563, 568. Therefore, the finding that a violation of the building code does not constitute negligence per se is not contingent upon whether the structure was constructed prior to the enactment of the building code, as was implied by Goldstein. See id.
Applying the aforementioned standards, we now turn to the facts of the present case. The Board presented evidence that the plate glass door at issue herein had been installed in Dodge Middle School in 1969, prior to the enactment of the building codes. The Board also adduced evidence that, in 1994, a complete review of all the Board's facilities, including the windows in Dodge Middle School, was conducted and that no safety issues regarding the windows were raised. In addition, the Board presented evidence that, during the twelve years prior to the accident involving Stephanie, only four of the eight hundred sixty-five panes of glass in Dodge Middle School had been broken, and no one was injured as a result. Regarding these four prior incidents, the panes of glass broke when struck with hard objects, specifically a rock, a ball bat, a steel ball, and a student's desk. The glass pane broken by the steel ball was safety glazed glass and not the original plate glass. Based on the foregoing evidence, we find that the Board demonstrated an absence of a genuine issue of material fact as to whether it acted negligently in not replacing the plate glass in the door with safety glazed glass.
In response, the appellants adduced evidence that, during the approximately twenty-three year time period between the enactment of the building codes in 1977 and Stephanie's injury in 2000, the Board did not replace the original plate glass in the door with safety glazed glass. Additionally, the appellants presented evidence that the Board stored precut plywood sheets that fit into doors for the purpose of covering the doors should the glass panes break. The appellants asserted that, because the Board maintained a stock of these plywood sheets, it knew that the glass in the door could be broken and, therefore, should have taken precautions for a known or reasonably foreseeable danger associated with the school property. Clearly, as testified to by the school's custodian, Thomas Thompson, both plate glass and safety glazed glass can be broken requiring the school to cover the area with plywood or other material. Therefore, simply because the Board maintained a stock of precut plywood sheets that fit into the doors for the purpose of covering broken glass does not create a genuine issue of material fact as to negligence. Accordingly, construing the evidence most strongly in the appellants' favor, we conclude that no genuine issue of material fact as to whether the Board was negligent remains for trial and that the Board was entitled to judgment as a matter of law. The trial court, therefore, properly granted summary judgment in favor of the Board.
Appellants' assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
SLABY, P.J., WHITMORE, J. CONCUR.