**FINEBERG v**

**LINCOLN PHELPS APARTMENT CO**

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 15, 1935

82

Knight & Gluck, Youngstown, and E. L. Williams, Youngstown, for plaintiff in error. C. F. Scanlon, for defendant in error.

## OPINION

By NICHOLS, J.

While the petition alleges that the plaintiff was a tenant of the defendant company, and the answer admits the relationship of tenant, we believe a fair construction of the evidence presented upon the trial shows rather the relationship of inn-keeper and guest. The plaintiff became an occupant of said apartment by signing a register in the office of the apartment hotel, and was assigned to the particular room

with the bathroom in connection. The apartment hotel building contained some ninety apartments, some of which were with single rooms and some with double rooms, and there were approximately seventy to eighty bathrooms in connection with these apartments. No other contract was made between the occupants of these rooms and the company other than the signing of the register kept by the company. Upon the trial it was conceded by the defendant company, through its manager, Mr. Nichol, that the plaintiff below was a guest at the apartment hotel; that it was the duty of the company to keep and maintain the apartment occupied by the plaintiff in a reasonable state of repair and reasonably safe for occupancy, and that "it was not the duty of any guest to keep his room in repair." By the admission of the manager of the defendant company, the relationship established is that between inn-keeper and guest, rather than landlord and tenant, and this seems to be important under the law of the state of Ohio, as it has been frequently held that the landlord, in the absence of an express agreement with the tenant is not bound to keep the leased premises in repair; that the owner of real property may lease the same in whatever condition it exists at the time of the lease. If the owner does not agree with the lessee to put the property in good repair, or keep it in good repair, the lessee can not recover from the owner for an injury sustained by the lessee due to defective condition of the property. (There being no claim of fraud or deceit, or of any liability created by statute).

**Goodal v Deters, 121 Oh St, 432.**

However, regardless of the allegations of the petition, and of the answer in this case, the evidence discloses that the building owned and operated by the defendant is a hotel, as defined by §843-1, GC, which provides in part that:

"Every building or other structure kept, used, maintained, advertised, or held out to the public to be a place where sleeping accommodations are offered for pay to transient persons in which five or more rooms are used for the accommodation of such guests, shall * * * be deemed a hotel."

The relationship between the parties in this case, as established by the evidence, was the relationship of inn-keeper or hotel-keeper and guest.

"It seems now to be well settled that in case that an injury occurring in conse-

quence of the * * * defective condition of the inn-premises, or room to which a guest is assigned, the inn-keeper is liable upon the same principles applicable to other cases where persons come on the premises at the invitation of the owner or occupant and are injured in consequence of their dangerous condition. The law imposes the duty on an inn-keeper to furnish safe premises to his guests * * * which may be used by them in the ordinary and reasonable way without danger * * * the duty of a proprietor to exercise reasonable care for the safety of those he entertains is not contractural, but is imposed by law by reason of the relation of the parties."

Citing: Lyttle v Denny, 222 Pa. St., 395.
20 L.R.A., (N.S.) 1027.
Notes: 43 L.R.A., (N.S.) 658.
13 Eng. Rul. Cas. 125.
14 R.C.L., 548-549.

"Therefore, it is generally held that an inn-keeper is not an insurer of his guests' safety; and that his responsibility is limited to the exercise of reasonable or ordinary care."

**Moon et v Conley, 9 Oh Ap, 16; 30 O. C.A. 14.**
14 R.C.L., 506-508.
22 O. Jur., 13, 14.
Hayward v Merill, 94 Ill., 349.
34 Am. Rep., 229.
Weeks v McNulty, 101 Tenn., 495; 48 SW, 809; 43 L.R.A., 185.
Notes: 16 L.R.A. (N.S.) 290 et seq.

"As in other cases of negligence, the burden of proof is on the plaintiff * * *, The doctrine of res ipsa loquitor applies, however, as in other cases in actions for negligent injuries, * * *."

Patrick v Springs, 154 N. C., 270; 70 SE 395; Ann. Cas., 1912 A, 1209.

"Proof of an injury to a guest at a hotel caused by the falling of the ceiling of the room to which he has been assigned, raises a presumption of negligence which, in the absence of explanatory circumstances, will entitle a recovery in favor of the party injured. In such an action it is sufficient for the plaintiff to plead facts causing the injury and the damages, without alleging that the injury was caused by the negligence of the defendant."

**Halterman v Hansard, 4 Oh Ap, 268.**

"Res ipsa loquitor is literally translated, 'the thing itself speaks'. This principle is that when, through any instrumentality or

agency under the management or control of a defendant, or his servants, there is an occurrence, injurious to the plaintiff, which in the ordinary course of things, would not take place if the person in control were exercising due care, the occurrence itself, in the absence of explanation by the defendant, affords prima facie evidence that there was want of due care."

Halterman v Hansard, supra.

The last cited case is a decision by the Appellate Court of this district in a case wherein the plaintiff below was assigned a room and while in the room plastering fell from the ceiling and she was injured. The court say:

"The room was under the control of the defendant below and such an accident does not ordinarily occur if proper care is used on the part of the proprietor of a hotel. The mere proof of the facts that the ceiling of the room assigned to plaintiff below while she was a guest at the hotel of the defendant below fell and she was injured, thereby constituted a prima facie case of negligence and **in the absence of any evidence** to overcome this presumption the plaintiff below was entitled to a verdict."

From the statement of the court in the case of Halterman v Hansard, supra, we find that the circumstances in the instant case are identical therewith and proof is in the record, and not disputed, that the ceiling of the bathroom assigned to plaintiff below while he was a guest of the hotel of the defendant below fell and he was injured, and this proof constituted a prima facie case of negligence, but in the case at bar evidence was offered by the defendant below showing that the rooms of this hotel were regularly inspected by the manager thereof at least once a week, and by the engineer employed by the defendant company at least three times each week. These witnesses on behalf of the defendant below testified positively there was no visibility or evidence of an unsafe condition in the ceiling of the bathroom to which the plaintiff below had been assigned by the defendant company. The evidence further showed that it was the duty of the housekeeper and maids employed at the hotel to report any defective conditions found in the rooms of the hotel, and that no such reports had been received by the management. Clearly, under the evidence submitted by the parties in this case, it was a question for the jury to determine, under all the circumstances, whether the defendant below was guilty of negligence in failing to keep the premises in a reasonable state of repair.

"The rule of res ipsa loquitor is not a substantive rule of law. It is rather a rule of evidence which permits the jury, but not the court in a jury trial, to draw an inference of negligence where the instrumentality causing the injury is under the exclusive management and control of one of the parties and that accident occurs under circumstances where, in the ordinary course of events, it would not occur when ordinary care is observed. It is an evidential inference, **not controlling upon the jury**, but to be considered by the jury under proper instructions.

Where the allegations in a petition and the evidence offered in support thereof call for the application of the rule of res ipsa loquitor, and where the defendant has offered evidence tending to meet and explain the circumstances, it is the duty of the court, when requested so to do by either party, to submit the question to the jury under proper instructions.

The weight of the inference, as well as the weight of the explanation offered to meet the inference, is for the determination of the jury in a jury trial, or for the determination of the court when the court is the tryer of the facts."

**Glowacki, a minor, v The N. W. Ohio Ry. & Power Co., 116 Oh St, 451.**

The above quoted language is from the syllabi of the last cited case and from the authority of the Supreme Court of Ohio, in this case, we find that the question of the negligence of the defendant company, under the evidence adduced at the trial, was for the jury, and that the case was properly submitted to the jury upon that issue.

While it is not plead in the answer of the defendant that plaintiff was guilty of contributory negligence, it was claimed that the evidence adduced at the trial gave rise to an inference of contributory negligence, and the court was requested to and did charge the jury upon the question of the contributory negligence of the defendant below. The plaintiff, in his own case by his own admission, and the testimony of the witnesses produced by him, admitted and showed that some three or four days after becoming an occupant of the room and bath room in question, he observed a crack in the plaster of the ceiling of the

bath room about two and one half to three feet long, and from one-half inch to one inch in width. The plaintiff claimed that he notified the defendant company of this condition of the bathroom by reporting the same to the clerk or manager or assistant manager of the hotel. Upon three separate occasions he claims to have reported this condition of the bathroom and upon each occasion he was told that "it would be taken care of." Plaintiff testified that he did not know that the condition of the bathroom ceiling was dangerous, but that it was "unsightly" and that he wanted it repaired for that reason. All of the persons to whom the plaintiff claimed he had given notice testified positively upon behalf of the defendant that no such information was conveyed to them by the plaintiff below.

The record discloses that the plaintiff remained in the room assigned to him and used and occupied the bathroom which had been assigned to him for several weeks after he admits that he had knowledge of the crack in the plaster of the bathroom. The evidence discloses that the plaintiff below and certain of his guests talked about the crack in the plaster of the bathroom ceiling, but that it was not discussed or claimed by the plaintiff or his guests that the condition was one of danger.

We find and hold that there is sufficient evidence shown in the record in this case to authorize the court below to submit to the jury the question of contributory negligence of the plaintiff below under proper instructions of the court, and if the same was submitted under proper instructions, this court can not see that there was manifest error in the finding of the jury in favor of the defendant below.

"Hotel guests' contributory negligence in stepping into elevator shaft held for jury where elevator approach was but dimly lighted and door was left open; an elevator or approaches thereto or entrances to shaft not being ordinarily place of danger."
**MacDowell v Rockey, 32 Oh Ap 26.**

The two issue rule applies in this case and this court is unable to determine whether the jury found, from the evidence, that the defendant below was or was not guilty of negligence which directly and proximately caused plaintiff's injury under all the circumstances in the case, or whether the jury found that the plaintiff below was or was not guilty of contributory negligence. One of the grounds of error insisted upon by the plaintiff in error here is that there was error in the charge of the court to the jury upon the question of contributory negligence, the court having given to the jury, before argument, the following written instructions upon request of the defendant below:

"Members of the jury, I say to you as a matter of law, that the plaintiff can not recover if you find that he was guilty of negligence that directly contributed in the slightest degree to the injury sustained."

It will be noted that this written instruction did not contain the word "approximately", but did use the word "directly", with reference to the contributory negligence of the defendant. In the case of **Chesrown v Beaver, 101 Oh St, 282,** the Supreme Court directly approved a charge in the language of the request charged in this case, and the court say, in its opinion:

"It was the duty of the court to charge that if the negligence of the injured party directly contributed in any extent to the injury he could not recover."

The syllabus of the last cited case is as follows:

"Upon a written request to charge before argument, if the request correctly states the law and is pertinent to one or more issues of the case and the same subject has not been covered by other charges given before argument, it is error to refuse to give such charge before argument even though the language of such charge is not the exact language the court would have selected."

In the view of the court in the last cited case the words "directly" and "proximately" were synonymous.

Therefore, we can not find there was prejudicial error in the giving of the charge to the jury before argument. We have considered all of the errors assigned in the petition in error and can not find that the verdict of the jury is manifestly against the weight of the evidence, or is contrary to law, or other error prejudicial to the rights of the plaintiff in error. The judgment of the trial court is affirmed.

Judgment affirmed.

CARTER and ROBERTS, JJ, concur.