SHETINA, APPELLEE, *v.* OHIO UNIVERSITY, APPELLANT.

(No. 82AP-497—Decided March 24, 1983.)

*Messrs. Donaldson & Freed* and *Ms. Nina Wright,* for appellee.

Mr. Anthony J. Celebrezze, Jr., attorney general, and Mr. Mark D'Alessandro, for appellant.

WHITESIDE, P.J. Defendant state of Ohio, acting through its agency, Ohio University, appeals from a judgment of the Court of Claims and raises a single assignment of error, as follows:

"The Court of Claims erred in holding that a public university has the duty to inspect and discover latent defects in the physical plant, specifically, a window in a university dormitory room, even when the university has no actual or constructive knowledge of the condition."

In its judgment entry, the Court of Claims made the following findings:

"* * * the Court finds Plaintiff was registered for the fall term as a student at Defendant university and was assigned to occupy dormitory room 117 in Weld House. Plaintiff occupied said room on Sunday afternoon, September 11, 1978. She attempted to open the lower sash of a window in her room the following afternoon. The sash failed to open with a normal lift. When Plaintiff exerted a tug, a part of the sash broke off, her hand struck, broke and passed through one of the six panes in the sash. Plaintiff's right forearm was severely lacerated and tendons leading to her fingers were severed. "* * *

"The Court concludes as a matter of law that, within the limited duration of Plaintiff's occupancy of said room, Defendant failed to exercise reasonable care for the safety of persons who were to occupy said room and Plaintiff in particular, which it had a duty to do. * * * The Plaintiff was not negligent in any particular so as to cause or contribute to cause the injuries suffered by her. The Plaintiff within the limited duration of time assumed no risk of a latent condition which Defendant upon reasonable inspection should have discovered. * * *"

Pursuant to R.C. 2743.02(A)(1), the state's liability is to be determined by the rules of law applicable to private persons under the same circumstances. The trial court applied the law applicable to private parties in the business of providing lodging to others. Plaintiff Christy Shetina contends that the state's burden should be even greater since it requires students, such as plaintiff, to live in university-maintained dormitories. Defendant, on the other hand, contends that the trial court imposed too strict a standard and that there should be no liability of the state arising because of the defective window, unless it had actual or constructive notice of the defective condition of the window.

Contrary to the assertion of defendant, the trial court did implicitly find that the state, through Ohio University, had constructive notice of the defective condition, finding that the latent condition was one of which defendant would have known had it made reasonable inspection. The assignment of error contains a non sequitur which causes further confusion since it in effect contends that there should be a duty to inspect only when a party has actual or constructive knowledge of a defective condition. With such knowledge, there is no reason for further inspection to discover the defect since it is known. Rather, the issue involved herein is whether the defendant should be charged with constructive knowledge of the latent defect because actual knowledge would have been acquired if reasonable inspection had been made. In other words, is there a duty to make reasonable inspection imposed under the circumstances herein involved? If so, a party who fails to make such reasonable inspection is charged with knowledge of defective conditions that would have been revealed by the inspection if made.

Defendant's argument appears to be that there can be no negligence unless there be actual knowledge of the defective condition or evidence adduced to show the period of time that the defect existed and that defendant within that time either

should have remedied the condition or given warning thereof to the occupant. While it is true that plaintiff presented no evidence to indicate the length of time the window was stuck, she presented evidence to indicate that she could not have known of its condition until she attempted to open it and had no means of knowledge of the defective condition of the window. This is not a situation where some third party creates a dangerous condition on premises so that the owner of the premises must have a reasonable opportunity to discover the condition and remedy it. Rather, the premises in question is owned by defendant. Specifically, plaintiff testified that the injury occurred when "a metal piece broke as I applied pressure, causing my hand to slip off and go through the second window pane."

Plaintiff proved that there was a defect in the premises which had been in the control of defendant for some years, and apparently in the exclusive control of defendant for some period of time prior to the assumption of occupancy by plaintiff. At this point, the burden of going forward with the evidence fell upon defendant since it was particularly within its knowledge, and not within plaintiff's knowledge, as to what inspections had been made and whether the premises was in sound condition at the time of the last inspection. Defendant adduced no evidence indicating there to have been any inspection of the premises for nearly ten years prior to the occurrence. Under these circumstances, it was reasonable for the trier of the facts to infer that defendant was negligent with respect to inspection and that a reasonable inspection would have revealed a defective dangerous condition. Cf. *Fineberg v. Lincoln-Phelps Apartment Co.* (1935), 55 Ohio App. 402 [9 O.O. 107]. The trial court's finding is not unreasonable merely because the university may be required to check every dormitory window by making periodic reasonable inspections.

Nor is defendant's contention that there is no proper evidence that the metal rail or lip of the window broke causing plaintiff's hand to go through the window pane supported by the record. First, plaintiff so testified. Secondly, there is no contradicting testimony. Contrary to the assertion in defendant's brief, there is no evidence that the only repair was replacement of a pane of glass but, instead, the record of repair in question (Exhibit G), merely indicates that repairs were made at the location involved without indicating what was accomplished. The record of request for repair (Exhibit F) does indicate "window broken," but the word "window" is much more inclusive than merely the pane and includes the metal lip or rail which plaintiff testified was broken. Nor is the trial court's finding that plaintiff was not contributorily negligent contrary to the evidence despite defendant's contention that plaintiff should have sought help from maintenance forces, rather than making further effort to open the window.

All defendant's contentions are predicated upon the sufficiency of the evidence, but this court cannot reverse so long as the judgment is supported by competent, credible evidence. *C. E. Morris Co. v. Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261]. The judgment in this case is so supported by evidence. Accordingly, the assignment of error is not well-taken.

For the foregoing reasons, the assignment of error is overruled, and the judgment of the Court of Claims is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.