DECISION AND JUDGMENT ENTRY
Hannah Hann appeals from a judgment in favor of the defendant in a personal injury claim following a bench trial to the Washington County Court of Common Pleas. The appellant raises the following assignments of error for our review:
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN THAT IT FAILED TO APPLY THE CORRECT LAW WITH RESPECT TO THE DUTY A DEFENDANT OWES TO AN INVITEE.
 SECOND ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED BY APPLYING THE SUPERIOR KNOWLEDGE DOCTRINE.
 THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT'S DECISION THAT THE DEFENDANT'S DECEDENT, LENA RICE, SHOULD NOT HAVE KNOWLEDGE OF THE DANGEROUS CONDITION OF THE SWING ON HER PROPERTY, AND, THUS, FINDING NO LIABILITY, WAS AGAINST THE MANIFEST WIEGHT OF THE EVIDENCE.
Finding no merit in the appellant's assignments of error we affirm the judgment of the Washington County Common Pleas Court.
 I.
Appellant, Hannah Hann, suffered injuries on her mother's property while sitting on an outdoor swing. The swing was supported by a beam that was attached to a live tree on one end and a dead tree on the other end. The beam was attached at each end by three nails. The appellant's brother installed the swing and its support approximately 13 years ago. Appellant suffered physical injuries when the beam supporting the swing collapsed and struck her on the top of the head.
Appellant's mother passed away sometime after the incident; appellant then initiated her complaint against her mother's estate. Timothy Roush, appellant's brother and executor of their mother's estate, filed an answer to the complaint denying liability. The case was eventually tried to the Washington County Court of Common Pleas.
At trial, appellant's husband, James Hann testified that the swing had been on appellee's property since at least 1988. In 1995, prior to the accident, Mr. Hann replaced the old swing and installed a new swing on the beam at appellee's request. He testified that he put new hooks in the beam to support the swing and that the swing appeared to be sturdy after it was installed. When he hung the swing, he did not look at the ends of the beam that attached to the trees. Mr. Hann testified that he was at appellee's house when the accident occurred, and that it looked like the nails securing the beam pulled out of the tree.
Appellant's expert, Mr. James Dean, testified that using nails to secure the beam to the trees was not safe, and that it should have been secured with either lag screws or screws with bolts. Mr. Dean testified that the accident occurred because the beam was installed into a wound in the live tree and that as the tree grew it tended to close up the wound and push out the end of the beam. He was of the opinion that there would have been a gap between the beam and the tree prior to the accident, and that the shank of the nails securing the beam would have been visible to inspection from a distance of about three feet.
Appellant testified that her mother was diagnosed with cancer in 1992 and that she went to her mother's house periodically to help with housework, grocery shopping and other chores. In 1995 the appellant's mother's condition deteriorated to a point that the appellant stayed with her during the week and returned to her own home on the weekend. On one of these occasions the appellant sat on the swing, which fell without warning, hitting her in the head. Following the accident the appellant was taken to the emergency room for stitches. Appellant testified that she did not think her mother was aware of any problems with the swing prior to the accident.
Following the trial, the court entered judgment in favor of the defendant and appellant filed a timely notice of appeal.
 II.
In the first assignment of error, appellant claims that the trial court failed to apply the proper law regarding a premises owner's duty of care to an invitee to conduct a reasonable inspection for potential dangers. The existence of a duty in a negligence action is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314,318, 544 N.E.2d 265, 270. Unlike determinations of fact which are given great deference, we review questions of law on a de novo basis.Nationwide Mut. Fire Ins. Co. v. Guman Bros. Farm (1995),73 Ohio St.3d 107, 108, 652 N.E.2d 684, 686.
The duty that an owner of land owes to those persons coming onto his property is determined by the relationship between the parties. Light v.Ohio University (1986), 28 Ohio St.3d 66, 67, 502 N.E.2d 611, 613. In Ohio, the duty an owner owes to an entrant is based on the entrant's status as an invitee, licensee or trespasser. Gladon v. Greater ClevelandRegional Transit Authority (1996), 75 Ohio St.3d 312, 315, 662 N.E.2d 287,291. An invitee is entitled to the highest degree of care. Ferrell, Emerging Trends in Premises Liability Law: Ohio's Latest Modification Continues to Chip Away at Bedrock Principles, 21 Ohio N.U.L. Rev. 1121, 1122.
The parties in this case agreed in their motions for summary judgment that appellant held the status of an invitee. An invitee is a person rightfully on the premises of another by express or implied invitation for some beneficial purpose to the owner. Gladon, 75 Ohio St.3d at 315,662 N.E.2d at 292. The duty owed to an invitee is one of ordinary care to protect the invitee by maintaining the premises in a safe condition.Light, 28 Ohio St.3d at 68, 502 N.E.2d at 613. The duty applies to everything that threatens an invitee with an unreasonable risk of harm, including latent dangers that are reasonably ascertainable. Jackson v.Kings Island (1979), 58 Ohio St.2d 357, 359, 390 N.E.2d 810, 812, citing Prosser on Torts, 393 (4 Ed. 1971), Section 61. The owner must not only use care to warn of latent dangers of which the owner knows, but must also inspect the premises for possible unknown dangerous conditions.Perry v. Eastgreen Realty Co. (1978), 53 Ohio St.2d 51, 52, 372 N.E.2d 335,336. The owner must also take precautions to protect the invitee from foreseeable dangers. Id. Therefore, the owner will be charged with constructive knowledge if an injury that would have been revealed by a reasonable inspection occurs. Shetina v. Ohio University (1983),9 Ohio App.3d 240, 241, 459 N.E.2d 587.
However, owners are not insurers of invitee's safety. Perry,53 Ohio St.2d at 52, 372 N.E.2d at 336. Furthermore, if owners and invitees are equally aware of the dangerous condition and invitees voluntarily expose themselves to the danger, the owners will not be liable. DeAmiches v.Popczun (1973), 35 Ohio St.2d 180, 299 N.E.2d 265, paragraph two of the syllabus. Invitees are also required to exercise some degree of care for their own safety. Scheibel v. Lipton (1951), 156 Ohio St. 308,102 N.E.2d 453, paragraph three of the syllabus; see also Scheibel,156 Ohio St. at 327, 102 N.E.2d at 462 for a more in-depth discussion of the degree of care for their own safety the invitee must exercise.
It appears that the trial court used these principles of law in arriving at its decision. While the appellant complains that the trial court failed to consider an owner's duty to inspect the premises for dangerous conditions, the court's decision indicates otherwise. The court stated that the appellee had a duty "to keep her premises in a reasonably safe condition and to warn of any hidden dangers which she knew orreasonably should have knowledge of." This pronouncement acknowledges the duty to inspect. Absent a request under Civ.R. 52 for findings of fact and conclusions of law, a court may issue a general verdict. We see no error in the court's pronouncement on this issue. The trial court applied the law and concluded in a general verdict "there is simply no liability in this case." Finding no error in the trial court's application of the law, the appellant's first assignment of error is overruled.
 III.
The appellant next alleges that the trial court erred in applying the superior knowledge doctrine. The alleged error occurred when the trial court included the following quote in its decision: "the basis of liability * * * is the owner's superior knowledge of existing dangers or perils to persons going upon the property." Hann v. Roush (October 25, 2000), Washington C.P. No. 99TR183, unreported, citing, Englehardt v.Phillips (1939), 136 Ohio St. 73, 78, 23 N.E.2d 829, 831. Upon analyzing the trial court's entire opinion, we find that the trial court included this quotation and citation to Englehardt in an attempt to better explain the historical purpose behind the owner-invitee doctrine.
The Ohio Supreme Court itself has included similar language when discussing the various duties owed to an invitee. The Court has stated that the owner is burdened with the duty to warn and inspect because of their presumed superior knowledge of their own premises. See KingsIsland, 58 Ohio St.2d at 359, 390 N.E.2d at 812 (stating that "[a]ccordingly, the * * * duty is normally predicated upon his superior knowledge of a dangerous condition on the premises."); DeAmiches,35 Ohio St.2d at 183, 299 N.E.2d at 267.
We find that the trial court's reference to superior knowledge was only an attempt to further describe the duty owed the appellant and not an attempt to apply the superior knowledge doctrine. In the absence of a request for specific findings of fact and conclusion of law under Civ.R. 52, we conclude that the trial court did not commit error because it did not apply the superior knowledge doctrine. Appellant's second assignment of error is overruled.
 IV.
Next, we address appellant's third assignment of error, which alleges the trial court decision is against the manifest weight of the evidence. A trial court decision will not be found to be against the manifestweight of the evidence as long as its decision is supported by some competent, credible evidence. Sec. Pacific Natl. Bank v. Roulette
(1986), 24 Ohio St.3d 17, 20, 492 N.E.2d 438, 440. Under this highly deferential standard of review, we do not decide whether we would have come to the same conclusion as the trial court. Id. Rather, we are required to uphold the judgment as long as the record, contains some competent, credible evidence to support the trial court's decision. We are guided by the presumption that the trial court's factual findings are correct because the trial judge "is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273, 1276.
Appellant claims that the evidence does not support the determination of non-liability because appellee breached her duty to inspect her property. As noted above, the trial court's decision was in the form of a general verdict, therefore, it did not include specific conclusions of law for its finding of no liability. However, there was some competent, credible evidence to support the trial court's decision under two different theories, (1) a finding that the danger was open and obvious, or (2) a finding that James Hann furnished an adequate inspection of the swing for the appellee.
A. The Swing was an Open and Obvious Danger
There is no duty to warn an invitee when the danger is open and obvious. Simmers v. Bentley Constr. Co. (1992), 64 Ohio St.3d 642, 644,597 N.E.2d 504, 506; Sidle v. Humphrey (1968), 13 Ohio St.2d 45,233 N.E.2d 589, paragraph one of the syllabus. When considering whether a danger is open and obvious we ask if the danger is open and obvious to a reasonable person, not whether the danger was necessarily open and obvious to the parties involved. Sexton v. Wal-Mart Stores (Jan. 14, 1999), Scioto Co. App. No. 98CA2603, unreported, citing Prest v. DeltaDelta Delta Sorority (1996), 115 Ohio App.3d 712, 715, 686 N.E.2d 293,296. The reasoning supporting the open and obvious doctrine is that the danger itself serves as an adequate warning, therefore, the owner could reasonably expect that a person entering the premises would discover the dangers and take adequate measures to protect themselves. Sidle,13 Ohio St. 45, 233 N.E.2d 589, paragraph one of the syllabus.
In the present case, the undisputed facts suggest that reasonable people could conclude that the installation and set-up of the swing was unsafe. The swing was hung from a wood beam secured only by three nails on each end. In addition, the beam was placed into a wound in a live, growing tree on one end and onto a dead tree on the other end. The appellant's own expert, acknowledged that hanging a swing from a live tree with only three nails was not a "good situation." This type of homemade, gerry-rigged apparatus should have alerted a reasonable person that the swing may not be safe. Given these facts, there was some evidence for the trial court to find that the appellant had a duty to exercise reasonable care for her own safety because the swing was an open and obvious danger.
B. An Adequate Inspection was Completed
In the alternative, even if the trial court concluded that the swing was not open and obvious, therefore requiring an inspection, it could have found that the appellant's husband conducted an adequate inspection of the swing on behalf of the appellee. See Perry, 53 Ohio St.2d at 52,372 N.E.2d at 336 (requiring an inspection for dangerous conditions).
The appellant's expert testified that the person who installed the swing would have needed a step-ladder and would have noticed that the nails were beginning to pull out. The appellant's husband, James Hann, testified that he hung the replacement swing in the Spring or early Summer of 1995 and the swing appeared sturdy. This inspection was only three to five months before the accident at issue here. Mr. Hann also testified that he believed that the beam and tree joints could be inspected when sitting on the swing. Under either approach, there was some competent, credible evidence for the trial court to conclude that there was no liability, therefore, the appellant's third assignment of error must be overruled.
 V.
Regardless of the reasoning utilized by the trial court, there is some competent, credible evidence to support the judgment. Therefore, for all the forgoing reasons, the judgment of the Washington County Common Pleas Court is affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ABELE, P.J. KLINE, J.: Concur in Judgment and Opinion.