[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Plaintiff-appellant, Charles Fant, appeals the summary judgment granted to Jeff Copeland, d.b.a. McDonald's Restaurant No. 2913 ("McDonald's"), in a negligence action. For the following reasons, we affirm the trial court's judgment.
{¶ 3} In 1996, Fant went to McDonald's to eat. When he entered the restaurant, he saw that there was a line of patrons waiting for service, so he sat at one of the tables near the front of the establishment. As he sat down, the chair tilted, and Fant fell to the floor, sustaining injuries.
{¶ 4} In September 1998, Fant filed suit against McDonald's, alleging that it had negligently failed to maintain its premises in a reasonably safe condition. During discovery, Copeland, the owner and operator of the restaurant, testified that he had not experienced any problems with the chair in question and that no problems had been brought to the attention of his employees. Copeland stated that the first indication of any problem with the chair was the fall that had occasioned Fant's injuries.
{¶ 5} McDonald's filed a motion for summary judgment, and the trial court granted the motion in an entry dated May 2, 2002. Fant now argues, in a single assignment of error, that the trial court erred in granting the motion for summary judgment.
{¶ 6} Pursuant to Civ.R. 56(C), a motion for summary judgment is to be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and, with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party.[1]
The party moving for summary judgment bears the initial burden of demonstrating that no genuine issue of material fact exists, and once it has satisfied its burden, the nonmoving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial.[2]
{¶ 7} When alleged negligence is based upon the presence of a defect on the premises of a business, the business invitee must demonstrate the following: (1) that the owner or occupier, or its employee, created the defect; (2) that the owner or occupier had actual knowledge of the presence of the defect, but failed to remedy it or to warn the invitee; or (3) that the defect had existed for a sufficient period of time for the owner or occupier to have had constructive notice of its presence and, therefore, to have had a duty to warn the invitee or to remedy it.[3]
{¶ 8} In the case at bar, Fant failed to demonstrate that McDonald's employees had caused the defect or that the restaurant had actual or constructive notice of the defect. The evidence adduced during discovery indicated that McDonald's was unaware of any problem with the chair until Fant fell. As we have noted previously, the first indication of a problem with the chair was the accident involving Fant.
{¶ 9} Further, there was no evidence in the record that the defect had existed for a sufficient period of time to have given McDonald's constructive notice. Fant failed to produce any evidence that, for example, the screws or bolts securing the chair had become loose over a period of time and that the employees of the restaurant should have known that the chair posed a hazard. In fact, Fant failed to produce any competent evidence as to why the chair had become unattached from its moorings. Fant offered the deposition testimony of Thomas Klett, a former McDonald's manager, but Klett conceded that he had not examined the chair in question and could not state, with any degree of probability, the cause of the problem.
{¶ 10} Fant cites several cases for the proposition that a business has an affirmative duty to inspect its premises[4] and argues that the failure of McDonald's to inspect the chair in the case at bar provided a basis for recovery. We are not persuaded. Absent evidence in the record as to the nature of the defect that caused the injuries, we cannot say that an inspection of the chair would have provided notice of a problem. Although Fant urges this court to infer that an inspection would have revealed a defect such as a loose screw or bolt, we cannot make such an inference in the absence of competent evidence. Under these circumstances, we hold that the trial court properly granted the motion for summary judgment. The assignment of error is overruled, and the judgment of the trial court is affirmed.
{¶ 11} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] See State ex rel. Howard v. Ferreri (1994), 70 Ohio St.3d 587,589, 1994-Ohio-234, 639 N.E.2d 1189.
[2] See Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264.
[3] See Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,49 N.E.2d 925; Catanzano v. The Kroger Co. (Jan. 11, 1995), 1st Dist. No. C-930761; Hayes v. Wendy's Intl., Inc. (Feb. 16, 1999), 12th Dist. No. CA98-07-074.
[4] See, e.g., Shetina v. Ohio University (1983), 9 Ohio App.3d 240,459 N.E.2d 587.