[Cite as *Webb v. Breeze*, 2011-Ohio-6475.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96839**

## LINDA WEBB

PLAINTIFF-APPELLANT

vs.

## BAHAMA BREEZE, ET AL.

DEFENDANTS-APPELLEES

### JUDGMENT:
### REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-731587

**BEFORE:** Blackmon, J., Kilbane, A.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**     December 15, 2011

**ATTORNEY FOR APPELLANT**

Brian D. Spitz
The Spitz Law Firm, LLC
4568 Mayfield Road, Suite 102
Cleveland, Ohio 44121


**ATTORNEY FOR APPELLEE**

Donald E. Worthing
55 Public Square, Suite 725
Cleveland, Ohio 44113

PATRICIA ANN BLACKMON, J.:

{¶ 1}   Appellant Linda Webb appeals the trial court's decision granting summary judgment in favor of Bahama Breeze, et al. and assigns the following errors for our review:

> **"I. The trial court committed reversible error as a matter of law when it improperly discounted and weighed the affidavit and deposition testimony of two witnesses."**
>
> **"II. The trial court committed reversible error by applying the wrong standard of proof for premises liability."**
>
> **"III. The trial court committed reversible error by ignoring evidence that Bahama Breeze was responsible for creating the dangerous condition."**
>
> **"IV. The trial court committed reversible error by ignoring evidence that appellee had actual knowledge of the dangerous condition."**

**"V. The trial court committed reversible error by ignoring evidence that appellee had constructive knowledge of the dangerous condition."**

{¶ 2}  Having reviewed the record and pertinent law, we reverse the trial court's decision and remand to the trial court for proceedings consistent with this opinion.  The apposite facts follow.

{¶ 3}  Linda Webb alleges that she fell and injured herself at the Bahama Breeze restaurant.  The fall occurred when Webb excused herself to go to the restroom.  As Webb was walking to the restroom, she slipped, fell, and hit her head on the corner of the trim of the serving station.  The flooring was identified as terrazzo.  Webb sustained injuries to her head, right arm, and right hip.

{¶ 4}  On July 14, 2010, Webb filed suit against Bahama Breeze for negligence and alleged that the injuries she sustained would require medical care into the foreseeable future.  On February 15, 2011, Bahama Breeze filed a motion for summary judgment arguing that Webb was unable to identify what caused her to fall and that she was unable to show that Bahama Breeze had actual or constructive notice of a hazard.

{¶ 5}  On May 10, 2011, the trial court granted Bahama Breeze's motion for summary judgment.   Webb now appeals.

## Summary Judgment

{¶ 6}  We will simultaneously address Webb's assigned errors, since both concern whether the trial court erred when it granted summary judgment in favor of Bahama Breeze.

{¶ 7} We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays* (2000), 140 Ohio App.3d 1, 746 N.E.2d 618, citing *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 506 N.E.2d 212; *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.* (1997), 121 Ohio App.3d 188, 699 N.E.2d 534. Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the non-moving party.

{¶ 8} The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. Id. at 293.

{¶ 9} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. *Frankmann v. Skyline Mgt., L.L.C.,* Cuyahoga App. No. 88807, 2007-Ohio-3922, citing *Texler v. D.O. Summers*

*Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 1998-Ohio-602, 693 N.E.2d 271.

Whether a duty exists is a question of law for the court to determine. Id., citing *Mussivand v. David* (1989), 45 Ohio St.3d 314, 318, 544 N.E.2d 265.

{¶ 10} It is undisputed that Webb was a business invitee at the time she entered Bahama Breeze. An owner of a premises owes a business invitee a duty of ordinary care; he must maintain the premises in a reasonably safe condition so that patrons are not "unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.* (1985) 18 Ohio St.3d 203, 480 N.E.2d 474, citing *Campbell v. Hughes Provision Co.* (1950), 153 Ohio St. 9, 90 N.E.2d 694.

{¶ 11} This duty is predicated on the premise that a business owner has superior knowledge of dangerous conditions that may cause injury to those on the premises. *McGuire v. Sears, Roebuck & Co.* (1996), 118 Ohio App.3d 494, 497, 693 N.E.2d 807, citing *Debie v. Cochran Pharmacy–Berwick, Inc.* (1967), 11 Ohio St.2d 38, 227 N.E.2d 603. An owner is not, however, an insurer of the patron's safety. *Paschal*, supra, at 203, 480 N.E.2d 474, citing *Sidle v. Humphrey* (1968), 13 Ohio St.2d 45, 233 N.E.2d 589, paragraph one of the syllabus.

{¶ 12} In order to recover in a slip-and-fall case, Webb must show: "1. That the Bahama Breeze through its officers or employees was responsible for the hazard complained of; or 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or 3. That such danger had existed for a sufficient length of time reasonably to justify the inference

that the failure to warn against it or remove it was attributable to a want of ordinary care."

*Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 589, 49 N.E.2d 925.

{¶ 13} It is also undisputed that Webb slipped and fell as a result of some liquid that was present on the floor opposite the restaurant's serving station. The sole question is whether Bahama Breeze had actual or constructive knowledge of the condition, which caused Webb to fall.

{¶ 14} Webb presented the deposition testimony of Syverson, who testified that he noticed a puddle of water where Webb had fallen and that there were several ice water pitchers sitting on the counter of the serving station. Syverson testified that he had been in Bahama Breeze on several occasions prior to that day, and had seen ice water pitchers on the serving counter and had seen water on the floor. Specifically, Syverson testified as follows:

> "**Q. Is there any question in your mind that the cause of Ms. Webb's fall was the puddle that accumulated on the floor next to the service station as a result of the habitual problem of the servers leaving drinks on that service station that had then fallen over the floor?**
>
> "**A. The answer is no. I have no question about that. I believe that would have been the cause of the accident.**" Syverson's Depo. 46-47.

{¶ 15} Here, given Syverson's prior observation of ice water pitchers on the counter of the serving station and his observation of water on the floor on his several visits to the restaurant, a reasonable trier of fact could find that it was more probable that the liquid on the floor was created by Bahama Breeze's employees and not from another source. See *Baudo v. Cleveland Clinic Found.*

**{¶ 16}** (1996), 113 Ohio App.3d 245, 680 N.E.2d 733. In this case, Webb presented evidence, through a witness of her fall and witness of the hazardous condition on prior occasions, from which a reasonable jury could infer that the hazard was created by Bahama Breeze.

**{¶ 17}** Consequently, reasonable minds could reach different conclusions as to whether Bahama Breeze breached a duty of care and proximately caused injury to Webb. At minimum, given Syverson's testimony, there is a genuine issue of material fact as to how the liquid came to be on the floor and whether Bahama Breeze had actual or constructive notice of the hazard. As such, the trial court erred in granting summary judgment in favor of Bahama Breeze. Accordingly, we sustain Webb's assigned errors.

Judgment reversed and remanded.

It is ordered that appellant recover from appellees her costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
PATRICIA ANN BLACKMON, JUDGE

MARY EILEEN KILBANE, A.J., and
SEAN C. GALLAGHER, J., CONCUR