[Cite as *Motes v. Cleveland Clinic Found.*, 2012-Ohio-928.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97090

# DAVID G. MOTES, SR.

PLAINTIFF-APPELLANT

vs.

# CLEVELAND CLINIC FOUNDATION, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CV-737876

**BEFORE:**   Keough, J., Cooney, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:**   March 8, 2012

**ATTORNEYS FOR APPELLANT**

Paul W. Flowers
Paul W. Flowers Co., LPA
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH 44113

W. Craig Bashein
Anthony N. Palombo
Bashein & Bashein Co., LPA
Terminal Tower, 35th Floor
50 Public Square
Cleveland, OH 44113


**ATTORNEYS FOR APPELLEES**

Bret C. Perry
Jennifer R. Becker
Jason A. Paskan
Bonezzi Switzer Murphy Polito & Hupp Co., LPA
1300 East Ninth Street
Suite 1950
Cleveland, OH 44114

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, David G. Motes, Sr. ("Motes"), appeals the trial court's decision granting summary judgment in favor of defendants-appellees, the Cleveland Clinic Foundation and the Cleveland Clinic (collectively "the Clinic"). For the reasons that follow, we affirm.

{¶2} In 2008, Motes and his girlfriend, Laura Knight, went to the Cleveland Clinic to pick up some medications. After obtaining the prescriptions, they walked through the M-2 hallway towards the parking garage. As Motes was walking, his leg suddenly slipped out from under him and he fell to the floor. After falling, Motes could see puddles of clear liquid, presumably water, on the white linoleum floor. As a result of the fall, Motes suffered a fractured hip. In 2010, Motes filed suit against the Clinic, alleging that it was negligent in failing to maintain its premises in a reasonably safe condition.

{¶3} The Clinic moved for summary judgment, which the trial court granted with a written opinion. Motes now appeals, raising as his sole assignment of error that the trial court erred in granting the Clinic's motion.

{¶4} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Hollins v. Shaffer*, 182 Ohio App.3d 282, 2009-Ohio-2136, 912 N.E.2d 637, ¶ 12 (8th Dist.).

Under Civ.R. 56, summary judgment is appropriate when, (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) after viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. *Id.* at ¶ 13, citing Civ.R. 56; *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 686-687, 653 N.E.2d 1196 (1995).

{¶5} The moving party carries an initial burden of demonstrating an absence of genuine issues of material fact concerning a material element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292, 1996-Ohio-107, 662 N.E.2d 264. If the movant fails to meet this burden, summary judgment is not appropriate; if the movant satisfies this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.* at 293.

{¶6} In order to defeat a motion for summary judgment on a negligence claim, the plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. *Frankmann v. Skyline Mgt., L.L.C.*, 8th Dist. No. 88807, 2007-Ohio-3922, 2007 WL 2206315, ¶ 5, citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 1998-Ohio-602, 693 N.E.2d 271. Whether a duty exists is a question of law for the court to determine. *Id.*, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶7} In this case, Motes was an invitee at all times he was present at the Clinic. *See Stinson v. Cleveland Clinic Found.*, 37 Ohio App.3d 146, 524 N.E.2d 898 (8th Dist.1987), syllabus (hospital visitor is an invitee). An owner of a premises owes an invitee a duty of ordinary care; the premises must be maintained in a reasonably safe condition so that patrons are not "unnecessarily and unreasonably exposed to danger." *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). *See also Barnes v. Univ. Hosps. of Cleveland*, 8th Dist. No. 66799, 1994 WL 386008 (July 21, 1994). This duty is predicated on the notion that a business owner has superior knowledge of dangerous conditions that may cause injury to those on the premises. *McGuire v. Sears, Roebuck & Co.*, 118 Ohio App.3d 494, 497, 693 N.E.2d 807 (1st Dist.1996), citing *Debie v. Cochran Pharmacy-Berwick, Inc.*, 11 Ohio St.2d 38, 227 N.E.2d 603 (1967). An owner is not, however, an insurer of the patron's safety. *Paschal* at 203, citing *Sidle v. Humphrey*, 13 Ohio St.2d 45, 233 N.E.2d 589 (1968), paragraph one of the syllabus.

{¶8} In order to prove the breach-of-duty element in a slip-and-fall case, Motes must establish that (1) the Clinic, through its officers or employees, was responsible for the hazard complained of; (2) at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was negligent, commonly referred to as constructive notice or constructive knowledge. *Johnson v. Wagner Provision Co.*, 141

Ohio St. 584, 589, 49 N.E.2d 925 (1943); *Hunter v. Wal-Mart Stores, Inc.*, 12th Dist. No. CA2001-10-035, 2002-Ohio-2604, 2002 WL 1058191, ¶ 18.

{¶9} Therefore, in the absence of proof that the owner or its agents created the hazard, or that the owner or its agents possessed actual or constructive knowledge of the hazard, no liability may attach. *Presley v. Norwood*, 36 Ohio St.2d 29, 32, 303 N.E.2d 81 (1973).

{¶10} In its motion for summary judgment, the Clinic argued that it did not breach any duty of care owed to Motes because it did not create or have actual or constructive notice of any alleged dangerous conditions that caused Motes to fall. Moreover, it argued that it did not have a duty to protect Motes from an open and obvious condition.

{¶11} Motes first contends that the Clinic failed to satisfy its initial burden under Civ.R. 56 by failing to attach any affidavits confirming that reasonable efforts had been undertaken to comply with the duty it owed to him. However, the Ohio Supreme Court has clearly stated:

> Our reading of *Celotex* [*v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)] and of Civ.R. 56 is that there is simply no requirement that a party who moves for summary judgment must support the motion with *affidavits* negating the opponent's claims. Indeed, there is no requirement in Civ.R. 56 that the moving party support its motion for summary judgment with any *affirmative evidence*, i.e. affidavits or similar materials *produced by the movant*. (Internal citations omitted and emphasis in original.) *Dresher*, 75 Ohio St.3d at 291-292, 1996-Ohio-107, 662 N.E.2d 264.

{¶12} We find that the Clinic's motion was supported with evidentiary materials contained in the record, as required by *Celotex*, *Dresher*, and Civ.R. 56. Furthermore,

from our independent review of the record, we find that the Clinic sustained its initial burden of demonstrating the absence of a genuine issue of fact on a material element of Motes's claims for relief. The Clinic set forth that no testimony, facts, or evidence was presented demonstrating that it created the alleged hazard, or that it had actual or constructive notice of the alleged hazard prior to Motes's fall. Therefore, the fact that the Clinic did not provide any affidavits negating Motes's claims was not fatal to the Clinic's motion for summary judgment.

{¶13} What is fatal to Motes's complaint, however, are his hypothetical assertions without any factual support, which we find are insufficient to establish a genuine issue of material fact. The mere fact that Motes fell does not establish any negligence on the part of the Clinic. *Green v. Catronova*, 9 Ohio App.2d 156, 161, 223 N.E.2d 641 (7th Dist.1996). When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth facts showing there is a genuine issue for trial. Civ.R. 56; *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996).

{¶14} First, Motes contends there is a genuine issue of material fact whether the Clinic was responsible or created the hazard because the only plausible explanation for the amount of water on the floor would be that it came from a Clinic employee. In support of his argument, Motes cites *Baudo v. Cleveland Clinic Found.*, 113 Ohio App.3d

245, 680 N.E.2d 733 (8th Dist.1996), and *Webb v. Bahama Breeze*, 8th Dist. No. 96839, 2011-Ohio-6475, 2011 WL 6306616.

**{¶15}** In *Baudo*, testimony was given that a bucket of water was in the vicinity of the area of where the plaintiff fell. Moreover, an employee of the defendant testified that buckets of water were often transported from a nearby utility room on utility carts. Thus, this testimony was sufficient to create a genuine issue of material fact whether the defendant caused the hazard. Similarly in *Webb*, deposition testimony was presented that on prior occasions, ice water pitchers were found on the counter of the serving station and water was observed on the floor in the same location where the fall occurred. This court concluded that the testimony about these prior occasions created a genuine issue of material fact as to whether the liquid on the floor was created by the defendant's employees and not from another source, and whether the defendant was on constructive notice of the hazard.

**{¶16}** However, in this case, there was no testimony even hinting at how the liquid got on the floor where Motes fell or how long the water was on the floor. The fact that the amount of water may have been approximately one-half of a pitcher does not create an issue of material fact regarding whether the Clinic was responsible or created the hazard. In *Allen v. C.G.S. Invests., Inc*., 8th Dist. No. 62947, 1992 WL 136497, *3 (June 11, 1992), this court held that

> speculation or conjecture on the plaintiff's part as to the culpable party who caused the fall and what caused the fall is not sufficient to submit the case to a jury, as a matter of law, since the issue of proximate cause is not open

to speculation on the jury's part and plaintiff can point to no wrong or negligent act committed by the defendant.

The burden is on Motes to prove the existence of a genuine issue of material fact regarding whether the Clinic placed the substance on the floor. His unsubstantiated arguments are merely speculative and lack the requisite factual support required by Civ.R. 56. Accordingly, Motes failed to establish that the Clinic, through its officers or employees, was responsible for the substance causing the fall.

{¶17} Additionally, Motes failed to present any evidence to prove that the Clinic had actual knowledge of the hazard and failed to promptly remove it or adequately warn its patrons. Tawana Johnson, the Clinic's housekeeping supervisor, testified at deposition that all of the Clinic's employees are trained to notify housekeeping of any spills on the floor. She further testified that once any spills or hazards are discovered, housekeeping is notified; they then go directly to the area and take precautions to protect individuals, including mopping floors and displaying "wet floor" signs.

{¶18} In their deposition testimony, both Motes and Knight specifically testified that they had no knowledge as to whether the hospital or any of its employees had notice of the water on the floor prior to Motes's fall. After Motes fell, housekeeping was called to the scene and they cleaned up the water and put up caution cones to indicate that the floor was wet. Consequently, the record is devoid of any evidence showing that the Clinic was aware of the hazard prior to the fall.

{¶19} Motes also contends that summary judgment was improper because there are genuine issues of material fact whether the Clinic had constructive notice or knowledge

of the water in the hallway, suggesting that the Clinic should have inspected its hallways to locate spills. In support of his argument, he relies on the following two cases.

{¶20} In *Shetina v. Ohio Univ.*, 9 Ohio App.3d 240, 459 N.E.2d 587 (10th Dist.1983), the facts established that a dormitory window, which was within the exclusive control of the university, had a latent defect and had not been inspected for nearly ten years. These facts and circumstances warranted summary judgment survival because "it was reasonable for the trier of facts to infer that defendant was negligent with respect to inspection and that a reasonable inspection would have revealed a defective dangerous condition." *Id.* at 242. Unlike *Shetina*, the facts here do not create a genuine issue of fact with regard to inspection because nothing in the record suggests that the Clinic did not inspect the premises of a common-area hallway on a regular basis or that it failed to maintain the hallway in a reasonably safe condition. Moreover, water on a floor is not a latent defect.

{¶21} In *Lopez v. Cleveland Mun. School Dist.*, 8th Dist. No. 82438, 2003-Ohio-4665, 2003 WL 22053473, the evidence established that the plaintiff's son saw water dripping from the ceiling to the floor four to five months prior to the accident, and the plaintiff had seen maintenance workers place buckets in these areas prior to her son falling. Unlike the facts in *Lopez*, this case contains no evidence that the Clinic had any knowledge of the water on the floor prior to Motes's fall. The deposition testimony established that no drinking fountains, restrooms, mops, or buckets were in the area. In

fact, Mary Harrison, an independent eyewitness, testified at deposition that after she saw Motes fall, she "remember[ed] being puzzled where this water could come from."

{¶22} In this case, no testimony or evidence was set forth indicating that the Clinic did not regularly check its hallways or that water had pooled in that area before, which would have created an issue of fact as to whether the Clinic should have known about the water prior to Motes falling. The only evidence presented establishes that the Clinic was notified of the water after Motes fell.

{¶23} Accordingly, we find that summary judgment was properly granted on the basis that no genuine issue of material fact exists whether the Clinic breached its duty to Motes; therefore, we need not address whether the liquid was an open and obvious condition. Motes's assignment of error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

COLLEEN CONWAY COONEY, P.J., and
EILEEN A. GALLAGHER, J., CONCUR