JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.
 {¶ 2} Plaintiff-appellant, Jean Coleman, appeals the decision of the Cuyahoga County Court of Common Pleas that granted defendant-appellee, Dave's Supermarket, Inc.'s motion for summary judgment. Finding no error in the proceedings below, we affirm.
 {¶ 3} On Saturday, December 20, 2003, at approximately 7:15 a.m., Coleman went to Dave's Supermarket with a neighbor. It was snowing lightly, and it was cold. There was slush in the parking lot. Coleman attempted to enter the store through the entrance doors, but they were not working. Coleman then entered through the exit door as her neighbor had already done.
 {¶ 4} Coleman slipped and fell. She fell on both of her knees and primarily injured her right knee, right ankle, and bruised her right shoulder and the inner part of her left leg. There were no rugs or mats or warnings in the exit area.
 {¶ 5} Coleman filed a complaint against Dave's Supermarket for negligence. Summary judgment was granted in favor of Dave's Supermarket, and Coleman appeals. She advances one assignment of error for our review, which states the following:
 {¶ 6} "The trial court improperly granted appellee's motion for summary judgment because there is a genuine issue of material fact remaining as to whether *Page 4 
or not defendant, which owed a duty to plaintiff, as a business invitee, breached the duty, and an injury proximately resulted therefrom. Defendant owed plaintiff, a patron, a duty of ordinary care in maintaining the premises in a reasonably safe condition so that plaintiff, as a customer, was not unreasonably exposed to an unnecessary danger."
 {¶ 7} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that "(1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." State ex rel. Dussell v. Lakewood PoliceDepartment, 99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State exrel. Duganitz v. Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191,1996-Ohio-326.
 {¶ 8} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680,1998-Ohio-602. Whether a duty exists is a question of law for the court to *Page 5 
determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318.
 {¶ 9} In this case, there is no dispute that Coleman was a business invitee. Dave's Supermarket owes a business invitee a duty of ordinary care by maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. See Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 204. Dave's Supermarket is not, however, an insurer of the customer's safety. Id. Further, Dave's Supermarket is under no duty to protect a business invitee from dangers "which are known to such invitee or are so obvious and apparent to such invitee that he may reasonably be expected to discover them and protect himself against them." Id., citing Sidle v.Humphrey (1968), 13 Ohio St.2d 45, paragraph one of the syllabus. Coleman argues that Dave's Supermarket breached its duty of ordinary care by not eliminating, or warning Coleman of, the water that she allegedly slipped on. Coleman complains that Dave's Supermarket had notice of the dangerous condition, because it created the dangerous condition by allowing the customers to enter through the exit doors.
 {¶ 10} The Supreme Court of Ohio has long held: "Owners or lessees of stores, * * * are not insurers against all forms of accidents that may happen * * *. It is not the duty of persons in control of such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that it is wholly *Page 6 
unnecessary to mention them here in detail." S.S. Kresge Co. v.Fader (1927), 116 Ohio St. 718, 723-724. Further, "[o]rdinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons." Boles v. Montgomery Ward Co. (1950), 153 Ohio St. 381, paragraph two of the syllabus. Both holdings were reaffirmed inPaschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 204.
 {¶ 11} In Marason v. Riser Foods, Inc. (Nov. 10, 1999), Cuyahoga App. No. 76509, applying Paschal, this court held that no duty existed in a slip-and-fall case when plaintiff claimed that the grocery store created the hazard when grocery carts were brought into the store from the outside, which had snow-covered sidewalks. See, also, Del Balso v. FredW. Apbrecht Grocery Co. (Mar. 7, 1991), Cuyahoga App. No. 60144.
 {¶ 12} In this case, Coleman testified that it was snowing lightly outside, that there was slush in the parking lot, and that she was wearing her winter boots. Further, Coleman could only speculate as to what caused her fall. She testified that she "felt it was because it was wet," which was based on the fact that her pants were wet when she got up. "An inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn."Goodin v. The Kroger Co. (June 21, 1993), Butler App. No. CA93-01-009, citing Parras v. Standard Oil Co. *Page 7 
(1953), 160 Ohio St. 315, paragraph two of the syllabus.
 {¶ 13} In light of the foregoing case law and the testimony set forth by Coleman, the trial court properly granted summary judgment in favor of Dave's Supermarket. Accordingly, Coleman's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P. J., and MARY EILEEN KILBANE, J., CONCUR. *Page 1