JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Lynn Frankmann, lived in an apartment in Mayfield Heights, Ohio. One evening in November 2003, at approximately 7:00 p.m., Frankmann was on the way to her locker in the basement of her apartment building. Frankmann took two or three steps and fell. Her ankle twisted, and then she fell straight down and then to the right.
 {¶ 2} Frankmann filed a complaint against defendants-appellees, Skyline Management, LLC, et al., on November 4, 2005, alleging that her landlord's negligence proximately caused her to fall and she sustained injuries as a result. The trial court granted the landlord's motion for summary judgment. Frankmann appeals, advancing one assignment of error for our review, which states the *Page 2 
following:
 {¶ 3} "The trial court erred in granting defendant's motion for summary judgment."
 {¶ 4} This court reviews a trial court's grant of summary judgment de novo. Ekstrom v. Cuyahoga County Comm. College, 150 Ohio App.3d 169,2002-Ohio-6228. Before summary judgment may be granted, a court must determine that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. State ex rel. Dussell v. Lakewood Police Dept,99 Ohio St.3d 299, 300-301, 2003-Ohio-3652, citing State ex rel. Duganitz v.Ohio Adult Parole Auth., 77 Ohio St.3d 190, 191, 1996-Ohio-326.
 {¶ 5} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. Texler v. D.O. SummersCleaners Shirt Laundry Co. (1998), 81 Ohio St.3d 677, 680,1998-Ohio-602. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. *Page 3 
 {¶ 6} Frankmann argues that she was able to identify what caused her fall. She claims the floor was wet.
 {¶ 7} In a similar slip and fall case, Jean Coleman v. Dave'sSupermarket, Inc., Cuyahoga App. No. 88661, 2007-Ohio-2381, the plaintiff could only speculate as to what caused her fall. She testified that she "felt it was wet," based on the fact that her pants were wet when she got up. This court reiterated, "[a]n inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn." See Parras v. Standard Oil Co. (1953), 160 Ohio St. 315, paragraph two of the syllabus.
 {¶ 8} Likewise, in Catherine Mines, et al. v. Russo `s Stop Shop (Feb. 23, 1989), Cuyahoga App. No. 55073, the plaintiff could not explain the actual cause of her fall. She claimed that a depression was in the pavement where she fell, but she did not say that she tripped in the depression. She even admitted the possibility that her fall might not have resulted from a defect in the pavement. This court held that minor imperfections could be reasonably anticipated in any traveled surface. The failure to identify or explain the reason for a fall while a plaintiff is on property owned by a defendant precludes a finding that the defendant acted negligently. Negligence shall not be presumed absent an affirmative demonstration from the evidence. Id.
 {¶ 9} Frankmann testified that she did not look at the floor before falling. She *Page 4 
claimed that she slipped and fell on a wet floor that "didn't look like it was wet, it was dim light." At no point in time did she realize that the floor was wet, even after the fall. "You couldn't tell, the lights were dim." When asked how she knew the floor was wet, Frankmann replied, "I don't know if the floor was wet. I don't know what caused me to fall."
 {¶ 10} Here, summary judgment was properly granted for the appellees because Frankmann could only speculate as to the cause of her fall. Mere speculation is not enough; therefore, Frankmann's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 FRANK D. CELEBREZZE, JR., A.J., and KENNETH A. ROCCO, J., CONCUR *Page 1