[Cite as *Smith v. Zuchowski*, 2014-Ohio-4386.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 101043**

# IRIS SMITH

PLAINTIFF-APPELLANT

vs.

# CHARLES ZUCHOWSKI, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-12-793647

**BEFORE:** Blackmon, P.J., McCormack, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** October 2, 2014

**ATTORNEY FOR APPELLANT**

Anthony D. Jordan
11811 Shaker Boulevard
Suite 420
Shaker Heights, Ohio 44120


**ATTORNEY FOR APPELLEES**

Stephen J. Yeargin
Law Offices of John V. Rasmussen
6060 Rockside Woods Boulevard
Suite 131
Independence, Ohio 44131

PATRICIA ANN BLACKMON, P.J.:

**{¶1}** In this accelerated appeal, appellant Iris Smith ("Smith") appeals the trial court's decision granting summary judgment in favor of appellees Charles Zuchowski, et al. ("Zuchowski"). Smith assigns the following error for our review:

> The trial court erred to the substantial prejudice of the appellant when it granted the appellee's motion for summary judgment when a genuine question of disputed material fact created a jury question as to whether the appellee had constructive or actual notice of a latent hazardous condition in the lobby when the floor was extremely slippery and another person had fallen in the same area before.

**{¶2}** Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

**{¶3}** On October 16, 2012, Smith filed a complaint against Zuchowski alleging injuries sustained on January 4, 2012, when she slipped and fell in the lobby of the Maylee Building in Cleveland Heights, Ohio. Smith subsequently amended the complaint to name Maylee Building, Inc. ("Maylee") as the proper party, and the trial court dismissed Zuchowski from the suit.

**{¶4}** In the complaint, Smith asserted a claim for negligence on the grounds that Maylee maintained the lobby floor in an unsafe condition and failed to warn her of the unsafe condition that caused her to be injured. Smith also alleged that the lobby floor was wet before she fell and that Maylee was negligent for failing to mop the floor or put down mats. In addition, Smith alleged that Maylee's failure to correct the unsafe condition of the floor or to warn thereof, amounts to negligence per se.

**{¶5}** On August 30, 2013, after answering Smith's complaint and denying all allegations, Maylee filed a motion for summary judgment. On September 30, 2013, Smith filed her motion in opposition to Maylee's motion for summary judgment. On January 27, 2014, the trial court granted summary judgment in favor of Maylee.

## Summary Judgment

**{¶6}** In her sole assigned error, Smith argues the trial court erred when it granted Maylee's motion for summary judgment.

**{¶7}** We review an appeal from summary judgment under a de novo standard of review. *Baiko v. Mays*, 140 Ohio App.3d 1, 746 N.E.2d 618 (8th Dist.2000), citing *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987); *N.E. Ohio Apt. Assn. v. Cuyahoga Cty. Bd. of Commrs.*, 121 Ohio App.3d 188, 699 N.E.2d 534 (8th Dist.1997). Accordingly, we afford no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate.

**{¶8}** Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.

**{¶9}** The moving party carries an initial burden of setting forth specific facts that demonstrate his or her entitlement to summary judgment. *Brigadier Constr. Servs. v. JLP Glass Prods.*, 8th Dist. Cuyahoga No. 98672, 2013-Ohio-825, citing *Dresher v. Burt*, 75

Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the movant fails to meet this burden, summary judgment is not appropriate; if the movant does meet this burden, summary judgment will be appropriate only if the nonmovant fails to establish the existence of a genuine issue of material fact. *Id.*; *Dresher* at 293.

{¶10} In order to defeat a motion for summary judgment on a negligence claim, a plaintiff must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. *Frankmann v. Skyline Mgt., L.L.C.*, 8th Dist. Cuyahoga No. 88807, 2007-Ohio-3922, citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998). Whether a duty exists is a question of law for the court to determine. *Id.*, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989).

{¶11} In the instant case, at her deposition, Smith testified that on the morning of January 4, 2012, she was reporting to work in her office located in the Maylee Building. Smith testified that it had snowed heavily the day before causing schools to be closed because of the inclement weather. Smith testified that as she approached the building, she kicked off the snow from her heavy boots on the front steps before entering through the building's front door. Smith testified that upon entering the building and walking across the lobby to the elevators, she slipped and fell.

{¶12} Smith testified in pertinent part as follows:

Q.    Do you know what caused you to fall?

A.    No.

Tr. 17.

* * *

Q.    While you were there in the chair, did you see anything on the floor?

A.    No.

Q.    What happened next?

A.    Well, I sat there a few minutes.   I called upstairs to let my supervisor know that I was down in the lobby, that I had fallen, and I was going to regroup. They got me to the elevator, and I went up to my office.

Q.    So they helped you into the elevator, and you went up to your office on the third floor.

A.    Uh-huh

Q.    Yes?

A.    I'm sorry.   Yes.

Q.    At any time while you were down there in the lobby, did you notice anything on the floor?

A.    No.   I noticed that my sleeves were wet from falling on the floor.

* * *

Q.    But you never saw anything on the floor?

A.    I don't remember seeing it.   No, I didn't see anything on the floor.

Q.    This wetness on your coat, was that water?   Could you tell what it was that caused it to be wet?

A.    No.

Q.    Did somebody spill something on the floor, or was it tracked in water?

A.   I don't know.   I just know that I felt it.

Q.   You felt wetness, but you don't know what the source of the wetness was?

A.   Right.

Q.   You assumed that it came off the floor?

A.   Well, I hadn't felt it before I walked in there.

Tr. 20-22.

* * *

Q.   You didn't notice that people had walked in and tracked water across the floor or anything like that?

A.   Normally I come in the back door because I would drive.   My car wouldn't start that morning, so I came through the front door this time.   So I pretty much wasn't familiar with coming in that front door anyway. * * * So, no, I never really noticed what was on the floor.

Q.   So you don't know what caused you to fall?

A.   I just know — no, I don't.

Q.   There wasn't anything leaking around the area or anything like that you saw?

A.   I only know that the security guard said that the floors — he said the floors are wet, and we asked them to come put mats down and get water up.

Q.   So this security guard told you the floors were wet?

A.   Yeah.

Q.   And he asked somebody to come put mats down?

A.   Right.

Q. Did he say anything about why the floors were wet or where the wetness had come from? I'm assuming that it was people walking into the building and their shoes were wet.

A. No. He never said where it came from.

Q. So, you don't know that?

A. No.

Tr. 42-43.

{¶13} A review of the above excerpt, as well as elsewhere in the record, indicates that initially Smith could not identify what caused her to fall. Smith ultimately opined that she had to have slipped on water on the floor because she noticed later that the right sleeve of her coat was wet. Despite ultimately opining that she fell because the floor was wet, Smith testified that as she was sitting in the lobby on a chair after the fall, she did not notice anything on the floors. Smith also testified that she did not notice if people had tracked water across the floors or whether there was a leak that caused water to be on the floor.

{¶14} In granting Maylee's motion for summary judgment, the trial court noted that Smith's testimony was practically identical to plaintiff's testimony in *Coleman v. Dave's Supermarket, Inc.*, 8th Dist. Cuyahoga No. 88661, 2007-Ohio-2381, one of our earlier decision where the plaintiff could only speculate as to what caused her fall. In *Coleman*, plaintiff testified that she "felt it was wet," based on the fact that her pants were wet when she got up.

{¶15} There we reiterated, "'[a]n inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn.'" *Id.*, *Goodin v. The Kroger Co.*, 12th Dist. Butler No. CA93-01-009, 1993 Ohio App. LEXIS 3152 (June 21, 1993), quoting *Parras v. Std. Oil Co.*, 160 Ohio St. 315, 116 N.E.2d 300 (1953), paragraph two of the syllabus.

{¶16} Likewise, in *Mines v. Russo's Stop & Shop*, 8th Dist. Cuyahoga No. 55073, 1989 Ohio App. LEXIS 609 (Feb. 23, 1989), the plaintiff could not explain the actual cause of her fall. In *Mines*, plaintiff claimed that a depression was in the pavement where she fell, but she did not say that she tripped in the depression. Plaintiff even admitted the possibility that her fall might not have resulted from a defect in the pavement.

{¶17} We also faced a similar circumstances in *Sollberger v. USA Parking Sys.*, 8th Dist. Cuyahoga No. 94859, 2011-Ohio-216, where plaintiff could only speculate as to the cause of her fall. In *Sollberger*, plaintiff parked her car in a parking garage owned by the corporation, exited, and fell as she was walking down a flight of nine concrete stairs.

{¶18} Like the instant case, plaintiff ultimately concluded that loose gravel caused her to fall. However, she testified that she had an unobstructed view as she walked down the steps prior to falling. She also testified that there was nothing on the steps in front of her as she walked down the stairs, and that she had seen gravel on previous

occasions when she used the stairs, but could not remember if that was the case on the day she fell.

{¶19} Thus, the failure to identify or explain the reason for a fall while a plaintiff is on a property owned by a defendant precludes a finding that the defendant acted negligently. *Bailey v. St. Vincent DePaul Church*, 8th Dist. Cuyahoga No. 71629, 1997 Ohio App. LEXIS 1884 (May 8, 1997).

{¶20} Finally, although Smith speculates that tracked-in water might have led to her fall, we note tracked-in water is a condition created by inclement weather and everyone should be aware of the conditions. *Boston v. A & B Sales, Inc.*, 7th Dist. Belmont No. 11 BE 2, 2011-Ohio-6427, ¶ 41, citing *Boles v. Montgomery Ward & Co.*, 153 Ohio St. 381, 92 N.E.2d 9 (1950).

{¶21} The Supreme Court of Ohio has held that, "'[o]rdinarily, no liability attaches to a store owner or operator for injury to a patron who slips and falls on the store floor which has become wet and slippery by reason of water and slush tracked in from the outside by other patrons.'" *Pesci v. William Miller & Assocs., L.L.C.*, 10th Dist. Franklin No. 10AP-800, 2011-Ohio-6290, ¶ 15, quoting *Boles* at paragraph two of the syllabus.

> "Everybody knows that the hallways between the outside doors of * * * buildings and the elevators or business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would be."

*Martin v. Giant Eagle, Inc.*, 10th Dist. Franklin No. 13AP-809, 2014-Ohio-2657, quoting *S.S. Kresge Co. v. Fader*, 116 Ohio St. 718, 723-724, 158 N.E. 174 (1927).

**{¶22}** "'[I]n light of weather conditions, plaintiff' should have been aware or anticipated the presence of water on the floor inside the mall because on a rainy day, one can expect to find water on the floor in such heavily trafficked areas.'" *Id.*, quoting *Johnson v. Serv. Ctr. Invest. Trust*, 8th Dist. Cuyahoga No. 75256, 1999 Ohio App. LEXIS 5697 (Dec. 2, 1999). Thus, if her fall resulted from tracked-in water, as Smith appears to speculate, it would have been an open and obvious hazard.

**{¶23}** After construing the evidence most favorably to Smith, we find that the record discloses no genuine issue of material fact. Summary judgment was properly granted in favor of Maylee because Smith could only speculate as to the cause of her fall. Accordingly, we overrule the sole assigned error.

**{¶24}** Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, PRESIDING JUDGE

TIM McCORMACK, J., and
MELODY J. STEWART, J., CONCUR